RECEIVED
IN ALEXANDRIA, LA.
DEC 3 0 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JEROME WEATHINGTON                    DOCKET NO. 09-CV-1183; SEC. P
     (#08121-028)

VERSUS                                 JUDGE DEE D. DRELL

UNITED STATES OF AMERICA, ET AL.    MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a *pro se* complaint of Plaintiff Jerome
Weathington, filed *in forma pauperis* and pursuant to <u>Bivens v. Six
Unknown Agents of the Federal Bureau of Narcotics</u>[1] and the Federal
Tort Claims Act on July 13, 2009.  Plaintiff is an inmate in the
custody of the United States Bureau of Prisons (BOP) and he is
incarcerated at the United States Penitentiary in Pollock,
Louisiana (USPP).  He names as defendants the United States of
America, the Federal Bureau of Prisons ("BOP"), Lieutenant Transou,
Lt. McKinny, Warden Joe Keffer, and two unknown officers at USPP.
Plaintiff alleges a tort claim under the Federal Tort Claims Act
(FTCA) and also claims that his constitutional rights were violated
by the defendants.

Before the Court is a *pro se* complaint of Plaintiff Jerome
This matter has been referred to the undersigned for review,

---

[1]In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that
certain circumstances may give rise to a private cause of action
against federal officials that is comparable to the statutory
cause of action permitted against state officials by 42 U.S.C.A.
§ 1983.

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## STATEMENT OF THE CASE

Plaintiff previously filed a lawsuit alleging that during the month of March 2009, he was subjected to cruel and unusual punishment, excessive force, and a violation of due process by some of the same defendants named herein. He also raised a claim under the FTCA. It was recommended that Plaintiff's FTCA claim be dismissed because Plaintiff had not received a final denial. It was also recommended that Plaintiff's other claims be dismissed under 1915(e)(2)(b). 1:09-cv-705 (W.D.La.).

In this case, Plaintiff alleges violations under the Federal Tort Claims Act and Bivens based on allegations dating back to August 19, 2008. Plaintiff claims that on that date, he was having problems with his counselor/unit team member and two inmates. Plaintiff packed his belongings and went to the Lieutenant's office requesting protective custody. Lt. Transou told Plaintiff to go back to his unit, and Plaintiff refused. Plaintiff alleges that he was physically restrained due to his refusal to return to his unit. Plaintiff alleges that Transou falsely claimed that Plaintiff bit him. Then, Unknown Officer #1 put pressure on Plaintiff's legs as Plaintiff was lying on the gurney.

Plaintiff was rolled into the Special Housing Unit and was taken off of the gurney by a group of officers including Murray and

2

Lt. Transou.  Plaintiff was placed on the floor and held down by four officers, one of whom (Unknown Officer #2) punched him in the eye and choked him several times.  Plaintiff was examined by a medical officer who determined that Plaintiff had no injuries. Plaintiff alleges that he should have been given ice for his eye later that day.

## LAW AND ANALYSIS

Although Plaintiff named several individuals as defendants, he only presents allegations of excessive force against two "unknown officers."  Plaintiff alleges that the conduct of the two unknown officers was in violation of his Eighth Amendment rights.  "[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'"  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied **in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.**"  Id. at 7 (emphasis added).  "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials,

3

and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321) (internal quotation marks omitted). An Eighth Amendment violation does not occur with "every malevolent touch by a prison guard." Hudson, 503 U.S. at 9.

Additionally, to support an excessive force claim, a prisoner must have suffered more than a de minimis physical injury. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). The amount of injury required is directly related to the amount of force that is constitutionally permissible under the circumstances. Williams v. Bramer, 180 F.3d 699, 704 (5th Cir. 1999) (internal citations and quotations omitted). In Siglar v. Hightower, 112 F.3d 191, (5th Cir. 1997), a prisoner was stopped in the hall of his unit while returning from breakfast. The guard found a biscuit in the prisoner's jacket pocket and called for backup. The responding guard, allegedly without provocation, twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident. The Fifth Circuit affirmed the dismissal of the inmate's complaint, concluding that he had not suffered a "physical injury" under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), because his injury was de minimis under the Eighth Amendment. Id. at 193-94.

Here, Plaintiff claims that one of the guards choked him and

4

hit him in the eye *after* Plaintiff admittedly refused to comply with the guard's instruction to return to his unit. He claims to have experienced only temporary swelling of his eye. Plaintiff was examined by someone from the medical department who determined that Plaintiff had no injuries. There are no allegations or exhibits indicating that Plaintiff ever sought additional medical treatment following the incident complained of. Plaintiff has not alleged an injury that would be considered more than *de minimis*. Plaintiff's constitutional claim should be dismissed.

**However, because Plaintiff has properly exhausted and timely filed his claim under the Federal Tort Claims Act, that claim will be served on the United States of America.**

### CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Bivens claim be **DENIED and DISMISSED for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b). Service of Plaintiff's FTCA claim against only the United States of America will be ordered forthwith.**

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within**

fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of December, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE