RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 9 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME L. WEATHINGTON,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:09-CV-1183 |
| VERSUS | |
| UNITED STATES, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, by Jerome L. Weathington ("Weathington") on July 13, 2009 (Doc. 1, 6, 7). The <u>Bivens</u> claims were dismissed with prejudice on February 11, 2010 (Doc. 18),[2] leaving only the FTCA claim and the United States as the sole

---

[1] <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

[2] Although the judgment states the civil rights complaint was dismissed, that is obviously an inadvertent error by the court since there are no civil rights claims in this suit and the judgment stated the Report and Recommendation (Doc. 9), which recommended dismissal of the <u>Bivens</u> claims, was correct.

defendant.

Weathington alleges that, while he was incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") on August 19, 2008, prison officers used excessive force against him when restraining him and taking him to the segregated housing unit ("SHU"). Weathington admits he was not injured, but that the officers' actions in punching and choking him were shocking and excessive. Weathington further alleges that he was denied the minimum civilized measure of life's necessities because ice was not available in the SHU to put on his swollen eye. For relief, Weathington asks for a jury trial and monetary damages.

The United States filed a motion for summary judgment (Doc. 32) with supporting affidavits, documentary evidence, a statement of undisputed facts, and a videotape (Doc. 34), and Weathington filed a brief in opposition to the motion (Doc. 40). The motions are now before the court for disposition.

## Law and Analysis

### Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's

2

assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for

trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

FTCA

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment. 28 U.S.C. § 1346(b). Also, Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996). The FTCA permits a plaintiff to bring a state law tort action against the United States. Substantive state law determines whether a cause of action exists, and federal law determined when that claim accrues. A two year statue of limitations from the accrual date applies tof FTCA claims. Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996); 28 U.S.C. § 2401(b). Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting

4

within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

There are, however, exceptions to the waiver of sovereign immunity in the FTCA. See 28 U.S.C. § 2680(a)-(n). The exceptions to the to the FTCA's waiver of sovereign immunity that appear in Section 2680 limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains the government's sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h); Truman, 26 F.3d at 594.

To determined whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. Truman, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct

5

essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that conduct may also constitute another tort not listed in Section 2680(h). <u>Truman</u>, 26 F.3d at 594, and cases cited therein. Similarly, a plaintiff cannot circumvent the purpose of Section 2680(h) by framing his complaint in terms of the government's negligent failure to prevent the excepted harm. <u>Truman</u>, 26 F.3d at 594-595.

The intent of the FTCA is that the United States would not be financially responsible for the assaults and batteries committed by its employees. The reach of Section 2680(h) cannot be avoided by framing a complaint in terms of negligent failure to prevent the assault and battery. <u>U.S. v. Shearer</u>, 473 U.S. 52, 55, 105 S.Ct. 3039, 3042 (1985). See <u>Garcia v. U.S.</u>, 776 F.3d 116 (5th Cir. 1985), ("the Fifth Circuit held that a plaintiffs' complaint, framed in terms of negligent failure to prevent an assault and battery, was barred by the plain language of Section 2680(h), which excludes any claim "arising out of" assault or battery"). The phrase "arising out of assault [or] battery" is broad enough to encompass claims sounding in negligence. The Government is not liable for an assault and battery by a government employee where the negligence claim turns on the inadequacy of supervision or

warnings. Shearer, 471 U.S. at 56-57, 105 S.Ct. at 3042.

Of course, there is an exception to the exception. The intentional tort exception to the waiver of sovereign immunity set forth in 28 U.S.C. § 2680(h) is limited by the "law enforcement proviso," which relinquishes sovereign immunity against claims arising out of torts enumerated in Section 2680(h) (including assault and battery) if the claim resulted from the act or omission of a federal investigative or law enforcement officer. See Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987). BOP employees are considered law enforcement officers for purposes of Section 2680(h) if they are acting within the scope of law enforcement functions (as opposed to security functions) at the time the tort is committed. Castro, 560 F.3d at 387.

Assault/Battery

Defendant contends Weathington has not stated a claim for assault/battery or negligent medical care.

Weathington contends that, on August 19, 2008, he asked Lt. Transou for protective custody due to problems with his counselor and two inmates (Doc. 1). Weathington contends that Lt. Transou refused his request and told him to return to his housing unit (Doc. 1). When Weathington refused to leave the Lieutenants' Office, he was restrained with handcuffs and leg irons; when he then refused to walk to the SHU, he was placed on a gurney and rolled to the SHU (Doc. 1). Weathington contends that one of the

7

officers put painful pressure on his legs because Weathington had bitten him, and did not stop doing so when Weathington asked him to (Doc. 1). Weathington states that, when they arrived at the SHU, he was removed from the gurney and placed on the floor, where several officers proceeded to "maliciously and sadistically" punch and choke him (Doc. 1).

Defendants refute these claims in their statement of undisputed facts and affidavits from the officers present during the incident, contending Weathington refused orders to return to his housing unit, became combative, and had to be restrained (Doc. 32). Defendants further state that Weathington was not beaten or injured, and did not request medical care (Doc. 32).

The intentional tort exception to the waiver of sovereign immunity applies to FTCA claims for assault/battery by a prison guard who was *not* acting in a law enforcement capacity at the time (for example, making an arrest or investigating something). See Devillier v. U.S., 2010 WL 476722, *3 (W.D.La. 2010), citing Castro v. U.S., 560 F.3d 381 (5th Cir. 2009), on reh'g, 608 F.3d 266 (5th Cir. 2010), cert. den., 131 S.Ct. 902 (U.S. 2011). Therefore, had the prison guards in the case at bar been acting in a law enforcement capacity at the time that Weathington alleges they assaulted him, the law enforcement exception to sovereign immunity would apply. However, since Weathington alleges the guards hurt his legs, punched, and choked him when they escorted him to the

8

SHU, they clearly were acting as prison security officers at that time and not in a law enforcement/investigative capacity. Therefore, Weathington's FTCA claim for assault/battery by the guards should be dismissed as barred by sovereign immunity.

Medical Care

As to Weathington's claim that he was provided inadequate medical care because he was not given ice to reduce swelling around his eye, the alleged failure to provide ice, which was not prescribed for his undiagnosed, undocumented injury, does not constitute negligent or unreasonable medical care.

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. Johnston, 85 F.3d at 219. In Louisiana, La.R.S. 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana law for providing for the medical needs of inmates is that those services be reasonable. Elsey v. Sheriff of Parish of East Baton Rouge, 435 So.2d 1104 (La. App. 1st Cir.), writ den., 440 So.2d 762 (La. 1983). Also, Cole v. Acadia Parish

9

Sheriff's Dept., 07-1386, (La. App. 3d Cir. 11/5/08), 998 So.2d 212, writ den., 2008-2875 (La. 2/6/09), 999 So.2d 784.

Defendants show, in their affidavits and statement of undisputed facts, that Weathington was examined and found to have no injuries and did not later make a sick call request for any alleged injuries, and Weathington does not allege otherwise.

Since there are no genuine issues of material fact which would preclude a summary judgment in this matter, defendant's motion for summary judgment should be granted and Weathington's FTCA claim should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 32) be GRANTED and that Weathington's action pursuant to the Federal Tort Claims Act be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE